**METROPOLITAN BUSINESS MANAGEMENT, INC., a California corporation; John Khaki, Plaintiffs–Appellants,**

v.

**ALLSTATE INSURANCE COMPANY, an Illinois corporation, Defendant–Appellee.**

No. 06–55859.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 7, 2008.

Filed June 11, 2008.

David Laufer, Esq., Edwin W. Duncan, Esq., Ventura, CA, for Plaintiffs–Appellants.

James E. Fitzgerald, Esq., James W. Denison, Stroock & Stroock & Lavan, Los Angeles, CA, for Defendant–Appellee.

Before: GOODWIN, O'SCANNLAIN, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Metropolitan Business Management, Inc., and John Khaki (collectively, "MBM") appeal the district court's decision granting summary judgment in favor of defendant Allstate Insurance Co. ("Allstate").

---

* This disposition is not appropriate for publication and is not precedent except as provided

We reverse and remand for further proceedings.

MBM had obtained a lien on a property in Malibu, California. Elliot and Cyndi Felman were interested in purchasing that property. They brought suit against MBM in an underlying action. They alleged that MBM had engaged in fraud by demanding payment on the lien in an effort to thwart the sale. Allstate claimed it had no duty under the policy to defend the underlying action. MBM subsequently brought suit against Allstate to recover expenses incurred in its successful defense. The district court assumed for purposes of Allstate's motion for summary judgment that the policy at issue was policy "AU9700" and that MBM was insured under the policy. The district court found that Allstate did not have a duty to defend MBM because the landlord insurance policy's coverage for "misrepresentation" did not include such claims.

We review the district court's decision de novo. *Assurance Co. of Am. v. Wall & Assocs. LLC*, 379 F.3d 557, 560 (9th Cir. 2004). The parties agree that California law governs the interpretation of the policy.

The policy states that Allstate "will provide a defense" "[i]f an insured person is sued for [covered] damages, ... even if the allegations are not true." Covered damages are "damages arising ... because of bodily injury, personal injury or property damage to which this coverage applies and which arises from the ownership, maintenance or use of the insured premises[.]" The policy lists several causes of action under its definition of "personal injury." Among those is "misrepresentation."

by 9th Cir. R. 36–3.

The district court relied on the reasoning of *Truck Insurance Exchange v. Bennett*, 53 Cal.App.4th 75, 61 Cal.Rptr.2d 497, 502–05 (1997), to conclude that Allstate had no duty to defend. *Bennett* hinged on whether the inclusion of "libel or slander or other defamatory or disparaging material" within the policy's definition of "personal injury" extended coverage to "a cause of action for disparagement of title or slander of title brought against the insured." *Id.* at 499, 502–03. The definition of "personal injury" in the policy in *Bennett* did not include "misrepresentation." *Id.* at 502. Here, as in *Bennett*, " 'personal injury' is a term of art that describes coverage for certain enumerated offenses that are spelled out in the policy." *Atl. Mut. Ins. Co. v. J. Lamb, Inc.*, 100 Cal. App.4th 1017, 123 Cal.Rptr.2d 256, 267 (2002). *Bennett*'s reasoning is therefore largely irrelevant to our analysis.

The California Civil Code recognizes causes of action for "actual fraud" and "fraudulent deceit." Cal. Civ.Code §§ 1572, 1709–1710. The California Supreme Court has recognized these as "misrepresentation torts." *Bily v. Arthur Young & Co.*, 3 Cal.4th 370, 11 Cal.Rptr.2d 51, 834 P.2d 745, 773 (1992) ("In California, the elements of the misrepresentation torts (which are also denominated forms of 'deceit') are prescribed by statute (§§ 1572; 1710) and our common law tradition."). The California Supreme Court has also held that " 'misrepresentation,' as a tort distinct from the general milieu of negligent and intentional wrongs, applies to interferences with financial or commercial interest." *Johnson v. State*, 69 Cal.2d 782, 73 Cal.Rptr. 240, 447 P.2d 352, 365 (1968).

Allstate argues that the policy's coverage for "misrepresentation" is limited to misrepresentation resulting in actual injury to person. We disagree. We conclude that under the policy language, and under California law, the word "misrepresentation" encompasses the causes of action for fraud in the underlying action in this case. We remand for further proceedings. In those proceedings, MBM may renew its claim for breach of the implied covenant of good faith and fair dealing.

REVERSED and REMANDED.

